UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO MORA ESPINOZA,<br><br>                                  Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                Respondent. | Case No.: 18-cv-1462-BEN<br>               16-cr-1476-BEN<br><br>**ORDER** |

Movant has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

BACKGROUND

Movant pleaded guilty and was convicted of conspiracy to commit international money laundering in violation of 21 U.S.C. § 1956(a)(2)(B)(1) and sentenced to 87 months. Although the government argues to the contrary, this Court finds that his motion is timely filed. In his plea agreement, Movant agreed to waive to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence. Plea Agmt. § XI. Movant now seeks to collaterally attack and vacate his conviction and sentence. He puts forward five grounds for relief.

LEGAL STANDARD

Under section 2255, a movant is entitled to relief if the sentence: (1) was imposed in violation of the Constitution or the laws of the United States; (2) was given by a court without jurisdiction to do so; (3) was in excess of the maximum sentence authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Speelman*, 431 F.3d 1226, 1230 n.2 (9th Cir. 2005). If it is clear the movant has failed to state a claim, or has "no more than conclusory allegations, unsupported by facts and

refuted by the record," a district court may deny a § 2255 motion without an evidentiary hearing.  *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986).  That is the case here.

DISCUSSION

Movant validly waived his right to collaterally attack his sentence.  The record discloses no issues as to the voluntariness of Movant's waiver.  To the contrary, there are many record indications that his collateral attack waiver was voluntary.  The last such indication is reflected in the sentencing transcript.  After sentenced was pronounced, the Court asked Movant directly whether he waived his right to appeal or collateral attack.  Movant answered, "Yes."  He did not answer, "no," and he did not object or ask any questions.  As such, though he protests now that he did not understand the rights he was relinquishing, the record clearly demonstrates that this claim has no merit.  Therefore, the Court enforces the collateral attack waiver.  *Ruiz-Diaz*, 668 F. App'x at 290 (citing *United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009)).  Accordingly, Movants' claims one and five, claims that do not assert ineffective assistance of counsel, are denied as waived.

Movant asserts in claims two, three and four, that his attorney rendered ineffective assistance.  As claims of ineffective assistance are not precluded by plea waivers, they are addressed next.  In this case, the Court notes that the PSR calculated Movant's Guideline range as 168 to 210 months.  The Government calculated the Guideline range as 108 to 135 months.  Movant calculated the Guideline range as 87 to 108 months.  All agreed that Movant's criminal history score was 0 and criminal history category was I.

This Court announced a tentative sentence of 135 months at the start of the sentencing hearing, which was below the low end as calculated by the Probation Department and within the range as calculated by the government.  After considering the arguments of defense counsel, Mr. Michael Berg, Esq., this Court imposed a sentence of 87 months, which is a sentence 48 months below its tentative sentence and at the low end of the Guideline range as calculated by the defense.  Against this backdrop, Movant asserts three claims of ineffective assistance.

To prevail on an ineffective assistance of counsel claim, a defendant must show that his attorney's performance was unreasonable under the prevailing professional standards and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 694-95 (1984). There is a "strong presumption" that counsel's conduct is reasonable, *Hendricks v. Calderon*, 70 F.3d 1032, 1036 (9th Cir. 1995), and "[r]eview of counsel's performance is highly deferential." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986). To establish "prejudice" under *Strickland's* second prong, a petitioner must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). Movant has not established either prong of the *Strickland* requirements.

Ground two of Movant's argument is that his counsel advised him to enter the plea agreement without explaining the full range of the consequences of the plea. This general allegation lacks important specifics and lacks evidentiary support. It does appear that Movant was unhappy with the government's sentencing recommendation. Apparently, Movant thought the government was going to recommend a 70-month sentence based on cooperation. But the government was not substantially assisted by the cooperation and left the recommendation at the low end of the Guideline calculation. Movant offers no details about how his own attorney misinformed him about the plea. His plea did benefit Movant in that as a result the government agreed to reduce his Guideline calculation by three points for acceptance of responsibility and by an additional two points for expeditious resolution. That resulted in an adjusted offense level of 29 with a low end of 87 months as compared to the low end as calculated by the PSR of 168 months with an offense level of 35. In other words, Movant gained significant benefits from accepting the plea agreement. Had Movant gone to trial and lost he would likely face a middle range sentence between 168 months and 210 months. Movant does not allege that he had a viable defense to the charged crime. He does not allege that he would have rejected the plea agreement and hazarded a trial had he been more fully

3

advised of the plea consequences. To sum up, there is little to overcome the presumption that his attorney was effective. *Hendricks*, 70 F.3d at 1036. Even assuming, for the sake of argument, that the performance prong was established, Movant has not viably established the prejudice prong as required by *Hill*, 474 U.S. at 56-57. Ground two is without merit.

Ground three puts forth the claim that Movant's attorney was ineffective because the amount of loss attributed to his crime was incorrectly calculated as too high and counsel should have argued for a downward departure. The PSR reports that Mora was responsible for laundering at least $3,800,000 but less than $5,000,000 in U.S. currency. It reports that Movant crossed the border and in the United States and filed Cash Transaction Reports totaling roughly $5,000,000. Under USSG 2B1.1(J) this amount increased the offense level by +18. While Movant now argues that the calculation included amounts that were laundered beyond the time of the conspiracy, this is a novel legal argument that he well may have lost. Had his counsel advanced the argument, the government may well have stuck to offense level calculation without offering a two-level reduction for expeditious resolution. That, in turn, would have led to a offense level 31 and a Guideline range of 108 to 135, which is where the Court initially had tentatively found 135 months to be sufficient, but not greater than necessary. The record reflects that Movant's counsel was faced with damaging facts and made the most out of the undesirable legal situation by negotiating a very good plea agreement and making very persuasive arguments benefitting Movant at sentencing. In short, Movant has established neither ineffective performance nor prejudice for ground three. *Hendricks*, 70 F.3d at 1036; *Hill*, 474 U.S. at 56-57.

Ground four puts forth the claim that Movant's attorney was ineffective because he failed to argue that the Sentencing Guidelines overstated his culpability and role in the offense. The argument is also belied by the record. Counsel for the defense did argue that Movant was paid little for his part. Counsel did argue that Movant was both young and a first-time offender. Counsel did argue that Movant voluntarily left the conspiracy

4

early.  Counsel made an argument that Movant could be rehabilitated and that a 30-month sentence would be sufficiently harsh.  It is hard to see how Counsel could have argued for a minor role for Movant who was admittedly a co-conspirator who arranged for and transported and laundered several million dollars in illicit drug money.  In any event, the fact that counsel did not attempt to argue a minor role reduction establishes only counsel's good judgment.  It does not suggest ineffective assistance.  Moreover, Movant makes no allegation that he was prejudiced.  Ground four is also without merit. *Hendricks*, 70 F.3d at 1036; *Hill*, 474 U.S. at 56-57.

## CONCLUSION

Movant's claims one and five are denied due to his collateral attack waiver. Grounds two through four are denied without hearing because they neither establish a debatable claim of ineffective performance nor resulting prejudice.  Movant also seeks to supplement his motion and includes the proposed supplement. See Doc. 63.  The motion to supplement is granted.

The Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

## No Certificate of Appealability

A court may issue a certificate of appealability where the movant has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further.  See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003).  This Court finds that Movant has not made the necessary showing.  A certificate of appealability is therefore DENIED.

IT IS SO ORDERED.

DATED: May 5, 2020

HON. ROGER T. BENITEZ
United States District Court Judge